IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEWIS HUGHES, )
)
           Plaintiff, )
)
   v. )
) Civil Action No. 14-27
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
          Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI in May 2008, alleging disability beginning on March 1, 2007, due to mental health problems. Plaintiff's applications were denied. Following an administrative hearing, an ALJ issued a decision on January 28, 2010, finding plaintiff not disabled. After the Appeals Council denied plaintiff's request for review, he filed a civil action in this court. In an opinion dated February 2, 2012, the court remanded the case for further proceedings.

In compliance with the remand order, an ALJ held hearings on August 15 and December 5, 2012, at which plaintiff appeared and testified while represented by counsel. On January 16, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on November 4, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 19 years old on his alleged onset date, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a cleaner, fast food worker, grocery store stocker and cashier in a gas station convenience store and restaurant, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of chronic back pain secondary to degenerative disc disease and obesity, bipolar disorder, panic disorder and borderline personality disorder; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is limited to working in a low stress, stable environment meaning that he is restricted to performing simple, routine and repetitive tasks. In addition, he is limited to having no more than minimal contact with the public and co-workers (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his

past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a marker, garment sorter and electronic worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and

residual functional capacity.[1]   20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.   Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to consider and evaluate certain medical evidence; (2) the ALJ failed to properly consider plaintiff's GAF scores; (3) the ALJ erred by rejecting the opinion of a psychologist who examined plaintiff one time; and (4) the ALJ's hypothetical question did not account for all of plaintiff's limitations.   For reasons explained below, there arguments are without merit.

Plaintiff first argues that the ALJ failed to consider and evaluate certain medical evidence, including records from Chestnut Ridge Counseling, as well as records from Dr. Mullick, Dr. Moses-Kolko and Dr. Tavoularis.   Contrary to plaintiff's position, the ALJ's decision contains a thorough discussion and evaluation of all of the pertinent medical evidence, including that which plaintiff claims the ALJ failed to consider from Chestnut Ridge Counseling, (R. 580, 587), and Dr. Mullick, (R. 581-82), Dr.

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work.   20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

AO 72
(Rev. 8/82)

Moses-Kolko (R. 582-83) and Dr. Tavoularis.[2]   Accordingly, the court finds no merit to plaintiff's contention that the ALJ did not properly evaluate the medical evidence in this case.

Plaintiff's next argument - that the ALJ failed to properly consider low GAF scores attributed to him - also lacks merit.[3]   As a general matter, a claimant's GAF score is not determinative of disability.   See Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009)(recognizing that GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and determining that a low GAF score is not conclusive evidence of a mental disability); Wind v. Barnhart, 2005 WL 1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs).   Despite the fact that one's GAF score alone is not controlling, the ALJ referenced plaintiff's GAF scores in connection with his overall discussion and consideration of the medical evidence in this case.[4]   (R. 581,

---

[2]The ALJ incorporated into his decision plaintiff's medical treatment history described in the prior administrative decision dated January 28, 2010, which included Dr. Tavoularis' records.   (R. 13, 17).

[3]GAF is a numeric scale that has been used by mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults.   However, the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) no longer includes the GAF scale.   See Brown v. Colvin, 2013 WL 6039018, at *7 n.3 (E.D. Wash. Nov. 14, 2013) (noting that the GAF scale was dropped from the DSM-5).

[4]This includes the ALJ's incorporation of plaintiff's medical history described in the prior administrative decision dated January 28, 2010, which also contained discussion of plaintiff's GAF scores.   (R. 13, 14, 15, 19, 580).

✎AO 72
(Rev. 8/82)

588). Thus, the ALJ did not ignore plaintiff's GAF scores as he suggests, but rather considered them along with all of the probative evidence in deciding this case.

Likewise, the ALJ properly evaluated and weighed the opinion issued by Dr. Lindsey Groves, who, after performing a one hour clinical interview of plaintiff on one occasion, determined that plaintiff met the criteria of several listed impairments and predicted that plaintiff would be absent from work more than three times per month. (R. 459, 460, 462).

Contrary to plaintiff's position that the ALJ erred by rejecting Dr. Groves' opinion, the ALJ analyzed her opinion in accordance with the Regulations and explained why it was not entitled to significant weight. In that regard, the ALJ considered the factors specified in the Regulations to determine the appropriate weight to give Dr. Groves' opinion which include: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the degree to which evidence supports the opinion; the consistency with the record as a whole; specialization of the physician; and any other factors which tend to support or contradict the opinion. See 20 C.F.R. §§404.1527(c)(2)-(6), 416.927(c)(2)-(6).

The ALJ first noted that Dr. Groves examined plaintiff one time and thus is not a treating medical source; consequently, her opinion is not automatically entitled to controlling weight. In addition, the ALJ observed that Dr. Groves' opinion is set forth on form reports that are not accompanied by corresponding notes.

AO 72
(Rev. 8/82)

(R. 587). Further, the ALJ explained that Dr. Groves' opinion is not consistent with the record as a whole, but rather appears to be based primarily on plaintiff's subjective complaints, which the ALJ did not find to be entirely credible. (R. 587-88, 590). The ALJ then identified inconsistencies between Dr. Groves' opinion and other medical evidence, including records from Dr. Mullick and Mr. Price, a therapist, who were plaintiff's treating sources, indicating that they did not diagnose him with a cognitive disorder, contrary to Dr. Groves' diagnosis of that condition. (R. 587-88).

The court finds that the ALJ's analysis of Dr. Groves' opinion complied with the Regulations. Although the ALJ did not give Dr. Groves' opinion significant weight, we note that he nevertheless accounted for plaintiff's mental impairments supported by the record by restricting plaintiff to working in a low stress, stable environment that involves performing simple, routine and repetitive tasks and that requires no more than minimal contact with the public and co-workers.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of his limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations resulting from his impairments that were supported by the evidence of record,

including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  E. David Harr, Esq.
     203 South Main Street
     Greensburg, PA 15601

     Paul Kovac
     Assistant U.S. Attorney
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219